MEMORANDUM **
Neil J. Burkstrand appeals from the district court’s affirmance of the Commissioner of Social Security’s decision denying Burkstrand’s application for disability and supplemental security income benefits. We affirm the order of the district court.
Burkstrand raises claims of error with respect to the district court and magistrate court decisions. However, this panel reviews the district court’s decision de novo. De novo review is review “from the same position as the district court.” League of Wilderness Defenders v. Forsgren, 309 F.3d 1181, 1183 (9th Cir.2002); see also United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988) (“Under the de novo standard of review, we do not defer to the lower court’s ruling but freely consider the matter anew, as if no decision had been rendered below.”). Accordingly, we do not address Burkstrand’s claims particular to the district court and magistrate’s decisions.
The administrative law judge (ALJ) provided clear and convincing reasons for not crediting Burkstrand’s subjective recollection of the symptoms he suffered during the relevant period in 2003. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.2002) (listing factors ALJ may consider in weighing claimant’s credibility). First, the ALJ noted Burkstrand’s limited work history, which “negatively affected [Burkstrand’s] credibility regarding h[is] inability to work.” Id. at 959. Second, the ALJ reasonably determined that the treatment that Burkstrand sought between September 12 and December 31, 2003 was inconsistent with Burkstrand’s claims. The ALJ noted that the physiotherapy and chiropractic treatment Burkstrand underwent was routine and conservative in nature, and also noted that Burkstrand did not seek treatment for depression during the relevant period, and his lung capacity tests did not indicate disability. And third, the ALJ noted that at the hearing Burkstrand testified to his daily activities during the relevant period. Even if the reliance on Burkstrand’s day-to-day activities in finding him not credible were error, the other reasons put forth by the ALJ in support of the credibility determination would make the error harmless. See Bray v. Comm’r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir.2009).
Burkstrand suggests that the ALJ erred in finding Burkstrand’s asthma and depression severe at Step 2 but failing to find that these impairments precluded basic work activities in the residual functional capacity determination at Steps 4 and 5. This argument fails. Aside from Burkstrand’s testimony, which the ALJ did not credit, the ALJ determined that Burkstrand presented no objective evidence that his asthma or depression imposed limitations on his work activities. The ALJ’s findings are supported by review of Burkstrand’s medical records from the relevant period. Likewise, Dr. Kuka did not *180 identify serious functional limitations corresponding with Burkstrand’s depression. Accordingly, these findings are supported by substantial evidence. See Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004). To the extent Burkstrand suggests that a finding of severe impairment at Step 2 necessarily requires limitations on a claimant’s ability to perform basic work activities, this argument has no merit. See Bray, 554 F.3d at 1228-29.
The ALJ’s determination not to include low back pain in the list of severe impairments is supported by his analysis of Dr. Purvis’s treatment notes. Dr. Newman’s notes and the physical therapist’s notes do not suggest that the ALJ erred in failing to find Burkstrand’s back pain individually severe.
The determination that Dr. Galvas’s opinion that Burkstrand could not work eight hours a day during the relevant period merited little weight was supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir.2005). Dr. Galvas’s opinion was contradicted by Dr. VanGilder’s opinion in August 2004 clearing Burkstrand for all activities. Furthermore, the ALJ pointed to the lack of treatment notes in support of Dr. Galvas’s November 2004 opinion and November 2006 capacity evaluation.
Accordingly, the ALJ’s reliance on the vocational expert’s response to the first hypothetical question was supported by the record. The ALJ reasonably incorporated the rest of Dr. Galvas’s prescribed limitations — other than the inability to work eight hours in a day — in his first question to the vocational expert. Therefore, Burkstrand’s challenge on this issue fails. See Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir.2001) (noting that “[a]n ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant’s limitations,” and holding that ALJ did not err in failing to include impairments that were not established by the record). Furthermore, Burkstrand points to no evidence in the record that, during the relevant time period, he required breaks and leave to miss work occasionally as set forth in the final hypothetical; thus, the ALJ’s reliance on the vocational expert’s answer to the first hypothetical question, rather than the final one, in making his Step 5 determination was permissible. Id. at 1165.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.